IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARYLE VICTOR,** *as Administratrix D.B.N. of the Estate of Viola Walker*, Plaintiff, | : : : : : : | CIVIL ACTION<br><br>NO. 22-2907 |
| v. | : : | |
| **ATLIMG, LLC,** *et al.*, Defendants. | : : : | |

<u>**MEMORANDUM**</u>

Younge, J.                                                                                                                         July 25, 2023

### I. INTRODUCTION

Currently before this Court is Defendant Christopher J. Menna i/t/a Menna Engineers & Associates' Motion to Dismiss (ECF No. 23), Defendant ATLIMG, LLC and Defendant United Construction and Management, Inc.'s Motion to Dismiss (ECF No. 24), and Defendant ATLIMG, LLC's Motion for Joinder of Necessary Parties (ECF No. 39). The Court finds these motions appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, Defendants' Motion to Dismiss (ECF Nos. 23 & 24) and Defendant ATLIMG, LLC's Motion for Joinder (ECF No. 39) will be denied.

### II. FACTUAL BACKGROUND

Plaintiff—Caryle Victor, as Administratrix D.B.N. of the Estate of Viola Walker—has filed a civil action against Defendants—ATLIMG, LLC, United Construction and Management, Inc., Campos Enterprise, LLC, and Christopher J. Menna i/t/a Menna Engineers & Associates—for their purportedly negligent development of a multi-family housing unit (located at 673 N. Preston Street in Philadelphia, PA 19104) that led to the deterioration and ultimate demolition of Plaintiff's neighboring property (located at 671 N. Preston St., Philadelphia, PA 19104). (Am. Compl., ¶¶ 4-18, ECF No. 12.) According to Plaintiff,

Defendant ATLIMG owned and developed the 673 N. Preston Street property and, in or around May 2021, retained Defendant Menna Engineers & Associates as a structural engineer, Defendant United Construction and Management, Inc. as the primary contractor, and Defendant Campos Enterprise, LLC for excavating, shoring, and underpinning the construction. (Am. Compl., ¶¶ 5-9, ECF No. 12.) Shortly after the start of the project, Plaintiff's 671 N. Preston Street property began to crumble, rack, and twist—resulting in such extensive damage that the City of Philadelphia's Department of License and Inspections demolished the property in or around September 2021. (Am. Compl., ¶¶ 14-15, 18, ECF No. 12.)

### III.    PROCEDURAL HISTORY

On July 25, 2022, Plaintiff filed her Complaint. (Compl., ECF No. 1.)  On October 12, 2022, Plaintiff filed an Amended Complaint—wherein she alleges one count of negligence against each Defendant. (Am. Compl., ECF No. 12.)  On October 3, 2022, Defendant Menna Engineers & Associates filed a motion to dismiss the Amended Complaint—citing issues of standing, vagueness, and failure to state a claim. (Def. Menna, Mot to Dismiss, ECF No. 23.)  On November 17, 2022, Defendant ATLIMG, LLC and Defendant United Construction and Management, Inc. filed an almost identical motion to dismiss—asserting substantially similar arguments and theories for dismissal. (Defs. ATLIMG & United Construction, Mot. to Dismiss, ECF No. 24.)  On November 28, 2022, the Clerk of Court entered default against Defendant Campos Enterprise, LLC for failure to appear, plead, or otherwise defend.  Finally, on April 13, 2023, Defendant ATLIMG, LLC filed a motion for joinder of necessary parties (ECF No. 39)—which was verbally withdrawn at the July 24, 2023 Status Conference with this Court and the parties.

### IV.    LEGAL STANDARD

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to

state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## V.   DISCUSSION

As previously discussed, the remaining Defendants seek to dismiss Plaintiff's Amended Complaint by arguing that: (1) Plaintiff lacks standing to bring this action; and (2) Plaintiff seemingly attempts to make out claims for "negligence," "negligence *per se*," and "negligent misrepresentation"—all of which are vague or not adequately pled. This Court will review these two major arguments for dismissal in turn.

### A.   Standing

In their respective motion to dismiss, the remaining Defendants argue, "[w]hile Plaintiff has purported to bring this action on behalf of the Estate of Viola Walker, the Amended Complaint includes no facts establishing that Plaintiff was appointed the Administratrix of the Estate of Viola Walker or granted letters of administration by the courts of this Commonwealth" and that "without establishing authority to represent the estate of Viola Walker, Plaintiff has not established that she has standing to sue on behalf of Viola Walker, the purported owner of 671 N. Preston Street." (Def. Menna Mot to Dismiss, ¶¶ 43, 45, ECF No. 23; Defs. ATLIMG & United Construction, Mot. to Dismiss, ¶¶ 43, 45, ECF No. 24.) In response, Plaintiff has proffered documentation showing that, on July 22, 2022, the Office of the Register of Wills of Philadelphia County granted Plaintiff Letters of Administration-DBN. (Pl. Resp. in Opp., Ex. A, Letters of Administration, ECF No. 31-1.) Thus, any assertion that Plaintiff does not have standing to bring this civil action is now moot.

### B.   Vagueness/Failure to State a Claim

Defendants next argue that Plaintiff's claims are either vague or not adequately pled. In reaching this conclusion, Defendants highlight how Plaintiff is seemingly asserting claims for not only negligence,

3

but also for the following claims: (1) negligence *per se*; (2) negligent misrepresentation; (3) fraud and "deceit"; (4) "recklessness"; and (5) punitive damages. In response, Plaintiff repeatedly states that she has only pled "negligence" against each Defendant: "Plaintiff has only [pled] allegations of [negligence]. Defendants' Motion to Dismiss suggests allegations that sound of punitive damages, reckless and negligent misrepresentation[,] and fraud. Defendant[s] [are] mistaken." (Pl. Resp. in Opp., p. 2, ECF No. 31.) Taking Plaintiff at her word and her briefing, she only asserts a negligence claim against Defendants.

"To prevail on a negligence claim under Pennsylvania law, a plaintiff must establish: (1) that the defendant had a duty or obligation to conform to a certain standard of conduct; (2) that the defendant failed to conform to that duty, or breached that duty; (3) a causal connection between the breach and the resulting injury; and (4) that the plaintiff incurred actual loss or damage." *White v. Atkore Corp.*, No. CV 16-1422, 2018 WL 2688434, at *3 (E.D. Pa. June 4, 2018). In her Amended Complaint, Plaintiff has put Defendants on notice that their collective participation in the development and construction of a multi-family housing unit—as owner, primary contractor, structural engineer, and excavator—led to actual loss and damage in the form of a damaged and, ultimately, demolished property. Though Defendants question whether Plaintiff has clearly delineated her claim of negligence against each individual Defendant, this Court is inclined to permit the claim of negligence to proceed at this stage of the litigation. After all, the Pennsylvania Superior Court instructs that, "[j]oint tortfeasors are parties who either act together in committing a wrong or whose acts, if independent of each other, unite to form a single injury." *L.B. Foster Co. v. Charles Caracciolo Steel & Metal Yard, Inc.*, 2001 PA Super 131, ¶ 17, 777 A.2d 1090, 1095 (2001). Thus, it is not too surprising—at least at this stage—that Plaintiff's negligence claim against each Defendant is somewhat identical and substantially overlaps.

## VI.   CONCLUSION

For the foregoing reasons, Defendant Christopher J. Menna i/t/a Menna Engineers & Associates' Motion to Dismiss (ECF No. 23) and Defendant ATLIMG, LLC and Defendant United Construction and Management, Inc.'s Motion to Dismiss (ECF No. 24) are hereby denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

                                                    **BY THE COURT:**

                                                    _/s/ John Milton Younge_
                                                    **JUDGE JOHN MILTON YOUNGE**